**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HICKENBOTTOM, | No. C 10-2025 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT** |
| v. | |
| CITY OF SAN RAFAEL, | |
| Defendant. | |

Defendant's motion to dismiss the complaint is scheduled for a hearing on October 26, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the 9:00 am hearing. The Court also VACATES the case management conference scheduled for 2:30 pm on October 26, 2010. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend the complaint. **The Court recommends that plaintiff seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).**

**BACKGROUND**

On May 11, 2010, plaintiff Joel Hickenbottom filed a one page complaint in this Court against the "City of San Rafael (Police Department)." The complaint alleges that felony charges against plaintiff were dismissed on October 13, 2009. The complaint alleges that on February 27, 2010, plaintiff submitted a claim to the City regarding the "false charges," and that the City rejected the claim as untimely. Plaintiff has attached to the complaint a "Notice of Lateness: Six Month Requirement," dated March 11, 2010. The Notice is from Diane Caravello, Sr. Claims Adjuster, and addressed to plaintiff.

The letter states,

> This firm manages the liability claims program of the City of San Rafael and is writing to you on the City's behalf.
>
> **Notice is hereby given** that the claim which you presented to the City on February 27, 2010 and received by the City on March 9, 2010, was not presented within six (6) months after the event or occurrence as required by law. See § 901 and 911.2 of the California Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.
>
> Your only recourse at this time is to apply without delay to the City for Leave to Present a Late Claim. (See § 911.4 to § 912.2, inclusive and § 946.6 of the Government Code). Under some circumstances, Leave to Present a Late Claim will be granted. See § 911.6 of the Government Code. Your application must be submitted to the City not this office.

Attachment to the Compl. Plaintiff applied for Leave to Present a Late Claim, and that request was also denied. The complaint alleges that the original February 27, 2010 claim was timely because it was filed within six months of the date when the felony charges were dismissed.

Defendant has moved to dismiss the complaint for failure to state a claim and for lack of jurisdiction.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*,

773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

Defendant has moved to dismiss the complaint for failure to state a claim and for lack of jurisdiction. Defendant correctly notes that the complaint does not specify the basis of the Court's jurisdiction, nor does the complaint allege any specific claims or state what relief plaintiff seeks. Defendant also notes that pursuant to California Government Code § 946.6, the California courts have jurisdiction over petitions for late claim relief. That section provides,

> (a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates. If the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. If an action on the cause of action to which the claim relates would be a limited civil case, a proceeding pursuant to this section is a limited civil case.

Cal. Gov't Code § 946.6(a). Thus, if plaintiff believes that the City of San Rafael wrongfully rejected his claim as untimely, and the relief that he seeks in this lawsuit is to challenge that denial, plaintiff must seeks such relief from the appropriate California Superior Court, which in this case would appear to be the Superior Court for the County of Marin.

Accordingly, because the complaint does not state a claim, the Court GRANTS defendant's motion to dismiss the complaint. If plaintiff wants to challenge the City's rejection of his claim as untimely, plaintiff shall file a statement so informing the Court **no later than October 29, 2010**, and pursuant to California Government Code § 946.6 the Court will transfer this case to the Superior Court for the County of Marin.

If plaintiff wishes to allege claims that do not challenge the City's rejection of his claim as untimely, plaintiff may file an amended complaint in this Court **no later than November 5, 2010**. If plaintiff files an amended complaint in this Court, the complaint shall (1) identify the basis of the Court's jurisdiction (for example, if there is a federal claim and/or if there is diversity jurisdiction under

3

28 U.S.C. § 1332); (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks (for example, monetary damages and/or injunctive relief).

**The Court recommends that plaintiff seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).**

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. If plaintiff wants to challenge the City's rejection of his claim as untimely, plaintiff shall file a statement so informing the Court **no later than October 29, 2010**, and the Court will transfer this case to state court. If, on the other hand, plaintiff wishes to file an amended complaint in federal court, plaintiff must file an amended complaint **no later than November 5, 2010.**

**IT IS SO ORDERED.**

Dated: October 13, 2010

SUSAN ILLSTON
United States District Judge